# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-80969-BLOOM/Reinhart

SREAM, INC. a California Corporation,
and ROOR INTERNATIONAL BV,
a Foreign Corporation,

      Plaintiffs,

v.

FEDERAL MARKET PLACE, INC.,
a Florida Corporation,

      Defendant.

_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon the Motion for Default Final Judgment filed by

Plaintiffs Sream, Inc. and RooR International BV (together, "Plaintiffs"), ECF No. [14] (the

"Motion"). A Clerk's default was entered against Defendant Federal Market Place, Inc.

("Defendant") on October 1, 2018, as Defendant failed to appear, answer, or otherwise plead to

the Complaint, ECF No. [1], despite having been served. ECF No. [12]. The Court has carefully

considered the Motion, the record in this case, the applicable law, and is otherwise fully advised

in the premises. For the reasons that follow, the Motion is granted.

## I.      BACKGROUND

Plaintiffs initiated this action on July 23, 2018 asserting claims for (i) willful trademark

infringement and counterfeiting of the RooR trademark in violation of 15 U.S.C. §§ 1114; and

(ii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a). *See*

ECF No. [1] ("Complaint" or "Compl."). As of the date of this Order, Defendant has not

responded to the Complaint or otherwise appeared in this action.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings.  *See, e.g., Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

However, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment."  *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007).  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.

2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III. DISCUSSION

Upon a review of Plaintiffs' submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiffs' favor. Because Defendant has not appeared, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiffs' allegations well-pled, and sufficient to establish Defendant's liability.

"[T]o succeed on a trademark infringement claim, a plaintiff must prove (1) that its valid mark was used in commerce by the defendant without consent, and (2) that the unauthorized use was likely to cause confusion, to cause mistake, or to deceive." *Gen. Motors Corp. v. Phat Cat Carts, Inc.*, 504 F. Supp. 2d 1278, 1283 (M.D. Fla. 2006); *see Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). "The plaintiff's use of the mark must also predate the defendant's potentially confusing mark." *Ordonez*, 2011 WL 3843890, at *5 (citing *Tally-Ho,*

*Inc. v. Coast Comty. College Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1990)).  Importantly, "[t]he 'likelihood of confusion test' does not require that a plaintiff prove that consumers would likely confuse the alleged infringer's product with the real product"; rather, "it is sufficient for a plaintiff to show that the unauthorized use of the trademark has the effect of misleading the public to believe that the user is sponsored or approved by the plaintiff." *Gen. Motors Corp.*, 504 F. Supp. 2d at 1284 (internal quotations omitted).  In addition, the test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue.  *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992).

In the Complaint, the Plaintiffs allege that Martin Birzle is an award-winning designer and manufacturer of smokers' products, who has worked to distinguish the RooR brand.  Compl., ECF No. [1] ¶¶ 8-9.  Mr. Birzle has assigned all rights associated with the RooR mark to Plaintiff RooR International BV ("RooR International").  *Id.* ¶ 10.  Plaintiffs further allege that Plaintiff RooR International is a Netherlands corporation and the registered owner of the RooR trademark.  *Id.* ¶ 6.  Plaintiff Sream, Inc. ("Sream") alleges that it is a California corporation and is the sole authorized licensee of the RooR mark in the United States.  *Id.* ¶ 5.  Under the terms of a licensing agreement between Sream and Mr. Birzle, Plaintiff Sream manufactures water pipes under the RooR marks and also advertises, markets, and distributes smoker's articles bearing the RooR marks.  *Id.* ¶¶ 13-14.  Plaintiffs further assert that Defendant engages in the sale of counterfeit "RooR" branded water pipes in Florida.  *Id.* ¶ 22.  Defendant does not have Plaintiffs' consent to sell such products, which, because they contain a fake trademark and are sold in the ordinary stream of commerce are likely to cross state lines and create confusion in the

marketplace. *Id.* ¶¶ 25-28, 33. As a result, the products sold by Defendant with the alleged trademark diminish the good will of the RooR mark, and Defendant is making substantial profits and gains to which it is not entitled. *Id.* ¶ 36, 40. By default, Defendant has admitted the truth of these allegations, and accordingly, the Court finds that Plaintiffs have established its claims against Defendant for trademark infringement and false designation of origin.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)); *Petmed Express, Inc. v. Medpots.com*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004) (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing)).

Plaintiff seeks statutory damages under the Lanham Act, 15 U.S.C. § 1117(c) and injunctive relief. "District courts have wide discretion in awarding statutory damages." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). The Lanham Act provides that

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
> > **(1)**      not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> **(2)** if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). "Several courts have found statutory damages specially appropriate in default judgment cases due to infringer nondisclosure." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (citing *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123 (S.D.N.Y. 2003); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003)).

Although Plaintiffs have not set forth a specific number of infringing goods sold by Defendant, Plaintiffs plead that Defendant has engaged in the purchase and sale of at least one counterfeit unit. *See* Compl., ECF No. [1] ¶ 23-24. Moreover, an investigator hired by Plaintiff has sworn in an affidavit that he purchased a counterfeit product. *See* ECF No. [14-2]. In light of Defendant's refusal to appear, the fact that Defendant has admitted in default to knowing and willing sale of counterfeit goods, and the statutory damages allowed under the Lanham Act, Plaintiffs request statutory damages in the amount of $50,000 for Defendant's infringement of the trademarks, Registration Numbers 3,675,839, 2,307,176, and 2,235,638. In cases such as this, "[s]tatutory damages under § 1117(c) are intended not just for compensation for losses, but also to deter wrongful conduct." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220-21. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds a hearing on damages unnecessary and the requested amount of damages justified. *See Ordonez*, 2011 WL 3843890, at *5; *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1221 (finding "a total of $800,000 ($400,000 per infringing mark) is a reasonable damages award pursuant to the statute."); *Philip Morris*, 219 F.R.D. at 502 (awarding the maximum amount for two infringing trademarks for a total of $2,000,000); *Playboy Enter., Inc. v. AsiaFocus Int'l, Inc*,

1998 WL 724000 (E.D. Va. 1998) (awarding maximum statutory damage amount of $1,000.000 for the use of two counterfeit domain names)).  In addition, Plaintiffs also request that the Court award costs pursuant to 15 U.S.C. §1117(a).  Here, Plaintiffs seek to recover $679.37, constituting the filing fee, process server fee, and Plaintiffs' investigation fees.  *See* ECF No. [14-1].

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law.  *See* 15 U.S.C. § 1116(a).  Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).  Moreover, even in a default judgment setting, injunctive relief is available.  *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendant's failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction.  *See Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease.  Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest.  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006).  In the instant case, Plaintiffs have

carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiffs' Complaint alleges that Defendant's unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendant is not permanently enjoined. *See* ECF No. [1]. Further, the Complaint alleges, and the submissions by Plaintiffs show, that the goods offered for sale and sold by Defendant are nearly identical to Plaintiffs' genuine products and that consumers viewing Defendant's counterfeit goods post-sale would actually confuse them for Plaintiffs' genuine products. *See id.*

Plaintiffs have no adequate remedy at law so long as Defendant continues to sell counterfeit goods because Plaintiffs cannot control the quality of what appears to be their products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiffs' reputation and goodwill that will result if Defendant's infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiffs face hardship from loss of sales and the inability to control reputation in the marketplace. By contrast, Defendant faces no hardship if they are prohibited from the infringement of Plaintiffs' trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendant to prevent consumers from being misled by Defendant's products. *See Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction

to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

Defendant is profiting from its deliberate misappropriation of Plaintiffs' rights by selling counterfeit goods. Accordingly, permanent injunctive relief prohibiting Defendant from continuing its unlawful activity is appropriate to achieve this end.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [14]**, is **GRANTED**;

2. Pursuant to Rule 58(a), Fed. R. Civ. P., a Final Default Judgment in favor of Plaintiffs and against Defendant Federal Market Place, Inc. for $50,000 in statutory damages, $679.37 in costs, and injunctive relief shall follow in a separate order;

3. All pending motions are **DENIED** as moot;

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record